Argued October 4, affirmed November 29, 1977

LOUVRING, *Appellant,*
*v.*
EXCEL LOGGING CO., *Respondent.*
(No. 75-6084, SC 25182)

573 P2d 266

David B. Brewer, Eugene, argued the cause for appellant. On the briefs were Elmer B. Sahlstrom, and Sahlstrom & Lombard, Eugene.

George Burgott, Eugene, argued the cause for respondent. With him on the brief were Darst Atherly, and Atherly, Thwing & Butler, Eugene.

HOLMAN, J.

## HOLMAN, J.

Plaintiff brought an action for personal injuries. Defendant denied liability and alleged by supplemental answer that plaintiff was defendant's employee and therefore was limited to workmen's compensation benefits. The issue presented by the supplemental answer was tried to the court, which sustained the answer and dismissed plaintiff's complaint. Plaintiff appeals.

Defendant is a logging contractor. Plaintiff hauled logs for defendant. A log being yarded by defendant's employee at the site where plaintiff's truck was being loaded struck plaintiff, causing the injuries for which damages are being sought.

Plaintiff claims that because he was not a "workman" the trial court erred in finding that he was a "subject workman" under subsections (26) and (28) of ORS 656.005 of the Workmen's Compensation Law.[1] He claims the court further erred by finding that he was not an independent contractor. Plaintiff asserts that the evidence showed the following:

"(1) The Plaintiff, in hauling logs for the Defendant, used his own truck and equipment;
"(2) The Plaintiff, by understanding, had the right to hire assistants to haul Defendant's logs;

---

[1] "ORS 656.005 Definitions * * *.
"* * * * *.
"(26) 'Subject workman' means a workman who is subject to this chapter as provided by ORS 656.027.
"* * * * *.
"(28) 'Workman' means any person, including a minor whether lawfully or unlawfully employed, who engages to furnish his services for a remuneration, subject to the direction and control of an employer and includes salaried, elected and appointed officials of the state, state agencies, counties, cities, school districts and other public corporations, but does not include any person whose services are performed as an inmate or ward of a state institution."
ORS 656.027 provides: "All workmen are subject [to the Workmen's Compensation Law] except * * *."

"(3) For eight months out of the twelve preceding plaintiff's injury, the Defendant's operations were suspended. During the period from November, 1974, to the time of his injury, fully a third of the log loads hauled by Plaintiff were for operators other than the Defendant;

"(4) The Plaintiff was hired on a per load basis, and had the right to work for other operators if not satisfied with Defendant's price tender for a given 'show';

"(5) Plaintiff maintained his own accident insurance coverage and Public Utility Commission license at all times he was engaged to haul logs for the Defendant;

"(6) The Defendant controlled the destination of logs hauled by Plaintiff from its logging sites, but Plaintiff determined his own routes without restriction, and regulated the log load weight on his truck;

"(7) Plaintiff paid for all of his own operating expenses related to work done for the Defendant;

"(8) Plaintiff's activities at Defendant's log loading sites were performed in cooperation with, but not under the supervision of the Defendant's employees."

The above state of facts is substantially the same as that which existed in the case of *Woody v. Waibel,* 276 Or 189 nn. 1 & 2, 554 P2d 492 (1976). We there held that as a matter of law the log hauler was an employee for workmen's compensation purposes. He was limited to his rights to receive workmen's compensation and he was not permitted to sue for his injuries the logger for whom he was hauling.

The basis for our determination in *Woody* was that the evidence showed that the logger had the right to control the hauler's performance in certain respects but not in others and that the issue of control was evenly enough balanced that the traditional statutory control test was insufficient with which to make a determination. This being so, we held it was permissible to turn to the purposes of the Law in deciding whether the control retained by the logger made the relationship one of master and servant. After considering these purposes, we held there was coverage under the Law for the reasons set forth in the opinion which need not be restated here.

■ Plaintiff contends that there was additional evidence in this case which dictated a different result. This evidence was, as follows:

"(1) Plaintiff's hours were determined by agreement between himself and other log haulers contracted by Defendant according to a schedule of rotating starting times; and

"(2) Defendant employed one driver for its company-owned truck. That driver was covered by Defendant's medical insurance plan, and Workmen's Compensation premiums and income tax were withheld from his pay."

The evidence indicates that because it was unnecessary that all trucks be at the loading site in the woods at the same time since they could not be loaded simultaneously, the truck drivers decided among themselves the order in which they would appear each morning, usually rotating the times when each would appear on the basis of 15-minute intervals. This mutually convenient agreement among themselves, by which they rotated their turns at being loaded, is not evidence of independence which throws any light upon whether plaintiff was an independent contractor. Nor are we helped by the fact that some other truck driver working in the enterprise is more clearly defendant's workman, as contemplated by the statute, than is plaintiff.

■ Plaintiff also claims that his status is affected by the circumstances that he brought the present action after receiving notification that if he did not do so, the State Accident Insurance Fund would prosecute a subrogated action at law against defendant for the amounts it had paid plaintiff in compensation for his injuries, pursuant to his own workmen's compensation coverage. We hold that this circumstance is irrelevant to whether plaintiff was defendant's "workman" or was an "independent contractor."

■ In addition, plaintiff also claims that the following facts, not extant in *Woody, supra,* are sufficient,

[ 467 ]

together with the other facts, to establish that plaintiff was an independent contractor and not a workman:

"(1) Plaintiff was at the time of his injury a member of a family partnership comprising himself and his wife, engaged in the independent business of contract log hauling;

"(2) All income derived from and debts incurred by Plaintiff's log hauling operations were deposited in and paid from a joint bank account in the names of Plaintiff and his wife;

"(3) All capital used in the partnership contract hauling operation was owned jointly by Plaintiff and his wife. Moreover, the accident insurance and P.U.C. licenses covering the logging truck operated by Plaintiff were in the joint names of Plaintiff and his wife."

ORS 656.027(7) states:

"All workmen are subject to ORS 656.001 to 656.794 except those nonsubject workmen described in the following subsections:

"* * * * *.

"(7) Sole proprietors, partners and officers of corporations.

"* * * * *."

We will assume, without deciding, for the purposes of this case, that the statute is applicable and does not mean only that partners are not "subject" workmen of the partnership of which they are a member.[2] Although the trial judge made no specific findings concerning plaintiff's status, it is our conclusion that there is an inadequate factual basis upon which to conclude that plaintiff and his wife composed a "functional partnership," as claimed by plaintiff. When plaintiff applied for workmen's compensation coverage, he was required to fill out a form which called for a detailed disclosure of the legal composition of his business. Plaintiff showed himself as possessing "100% of the ownership" of the business and did not designate the business as a partnership, even though

[2] See 1A Larson's Workmen's Compensation Law §§ 54.31, 54.32.

[ 468 ]

the form asked if such was the case. In addition, after plaintiff was injured and an application was being made by plaintiff's wife for workmen's compensation, she showed plaintiff as being self-employed and not as a member of a partnership. Also, no partnership income tax returns were ever filed by plaintiff and his wife. In view of plaintiff's commitment, made in advance of the accident, that he was 100% owner of the business, there is little room left for him to contend now, after the fact, that he and his wife composed a partnership because they were joint owners of the equipment and had a joint bank account. Ordinarily, the permits for the use of the equipment and the insurance coverage thereon cover both parties when the equipment is in their joint names. Joint ownership is not necessarily inconsistent with plaintiff's sole operation of the log hauling activities.

■ Plaintiff next contends that the court's ruling was in error because defendant was estopped to assert that plaintiff was its "subject" workman and that workmen's compensation benefits constituted plaintiff's sole remedy. Plaintiff bases this contention upon his claim that defendant had been paying workmen's compensation for him until July 1974, but that defendant told him at that time that he would no longer be doing so and that plaintiff would have to secure his own coverage. As a result, plaintiff did cover himself with workmen's compensation. He claims, however, that he was required to pay a greater amount for such coverage than he would have had to pay had defendant continued to pay for coverage for him. Defendant claims it was simply a change in bookkeeping transactions—that instead of the coverage being paid for by defendant and then the amount being deducted from plaintiff's check, as was previously the case, coverage was now being paid by plaintiff directly with no deduction being made from his check.

Assuming, but not deciding, that such a situation would be a proper circumstance for the application of

an estoppel, the record does not reveal the amount defendant had been paying for plaintiff's coverage; therefore, we cannot tell the extent of plaintiff's increase in cost. Plaintiff does not claim his cost of coverage was increased by virtue of a change in status from an employee of defendant to an employer who is covered as an employee under a statute which permits such coverage for sole operators or partnerships on special application.[3] He claims only that because he had no experience rating for accidents and defendant had a favorable rating, plaintiff's costs were greater. Such evidence, without further enlargement, is insufficient upon which to base an estoppel, even if one is appropriate. The difference may be a few cents and *de minimis,* or it may be many hundreds of dollars—we have no way of knowing.

It must be remembered that we are requested to give a workman the protection of the Law as a "subject" workman of a person for whom he is performing services as often as we are requested to allow such workman to bring an action against the person for whom he is performing services because he, the workman, claims he is an independent contractor. We must necessarily lay down a uniform interpretation of the statutes which is equally applicable to each kind of request.

■ The judgment of the trial court is affirmed.

---

[3] ORS 656.128.