Argued April 20, affirmed July 5, reconsideration denied August 16, petition for review denied September 6, 1978 (283 Or 235)

CARLILE, *Respondent,*

*v.*

GREENINGER, *Appellant.*

(No. CC-77-427, CA 9540)

580 P2d 588

Hayes Patrick Lavis, Astoria, argued the cause for appellant. With him on the brief was Anderson, Fulton, Lavis & Van Thiel, Astoria.

Philip L. Nelson, Astoria, argued the cause for respondent. With him on the brief was Miller & Nelson, Astoria.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

**THORNTON, J.**

The only issue in this appeal is whether claimant qualified as an employe of the alleged employer under ORS 656.027. The referee concluded that claimant was a subject employe, but the Workers' Compensation Board reversed, concluding that claimant was an independent contractor. The circuit court reversed the Board and remanded the case for the payment of claimant's claim.

Claimant and a friend, Mr. Harris, were hired by defendant to fall cord wood and buck the wood into 20-inch lengths.[1] They were to be paid $8 per cord. Defendant designated the area in which they were to cut and directed them to leave trees standing along a road and a swamp. Claimant and Harris provided their own saws, and defendant supplied a truck which could be used in the event that any of the trees had to be dragged from the road or swamp, or were hung up in other trees. Defendant indicated that if he acquired more timber he might be able to employ claimant and Harris on a steady basis.

Shortly after commencing work, claimant was injured. The day after the injury defendant terminated claimant and Harris because the weather was too bad and he could not get the necessary financial backing.

ORS 656.005 provides that control is the essential ingredient in the test for determining who is a subject employe.[2] It is the right of control, rather than actual exercise of control, that is determinative. *Bowser v. State Indus. Accident Comm.,* 182 Or 42, 185 P 891

---

[1] Defendant was trying to get a cord wood business started, and, in fact, had built a machine for cutting cord wood. Defendant's primary business was as a rock crusher.

[2] ORS 656.005(16) provides:

" 'Employer' means any person, including receiver, administrator, executor or trustee, and the state, state agencies, counties, municipal corporations, school districts and other public corporations or political subdivisions, who contracts to pay a remuneration for and secures the right to direct and control the services of any person."

(1947). The principal factors showing right of control are (1) direct evidence of right or exercise of control; (2) method of payment; (3) the furnishing of equipment; and (4) the right to fire. 1A A. Larson, Workmen's Compensation Law 8-19, § 44.00 (1973).

Under these criteria, the facts of this case show elements of both master-servant and an independent contractor relationship. However, we conclude that there was sufficient evidence of a right to control to establish an employer-employe relationship. Defendant designated where claimant was to cut and what lengths of wood were to be left, but he exercised no control over claimant's hours or methods. Claimant was paid on a piecework basis, but this factor provides little guidance either way on the status of employment. *Marcum v. SAIF,* 29 Or App 843, 846, 565 P2d 399 (1977). Claimant used his own saw but defendant provided a truck for the use of claimant and Harris. It is clear that both parties felt the relationship was terminable at will and that defendant did, in fact, exercise his right to fire. It is often said that the right to fire is the power to control. *Marcum v. SAIF, supra* at 847. 1A A. Larson, Workmen's Compensation Law 8-68, § 44.35 (1973). This factor strongly indicates that an employer-employe relationship existed between claimant and defendant.

Defendant argues that cord wood cutting is not a regular part of his business, which was rock crushing, and that the claimant's job was merely temporary with no prospect for continued employment. Defendant is essentially arguing that under the "relative nature of the work" test put forth in *Woody v. Waibel,* 276 Or 189, 554 P2d 492 (1976), claimant does not qualify as an employe.[3]

---

[3]The "relative nature of the work" test is intended to take into consideration factors which are relevant to the purpose of worker's compensation.

"* * * * Starting with the premise that compensation legislation is based upon the theory that the cost of industrial accidents should be

While it may be that woodcutting was not defendant's primary business, it was a business of his, and the falling and bucking of trees was an essential part of that enterprise. Further, there was a prospect of continued employment although it was contingent upon defendant's ability to acquire more timber.

We conclude that the evidence established that an employer-employe relationship existed and that claimant is entitled to compensation. *Woody v. Waibel, supra; Marcum v. SAIF, supra; Louvring v. Excel Logging Co.,* 280 Or 463, 573 P2d 266 (1977).

Affirmed.

---

borne by the consumer as a part of the cost of the product, Larson says that

" ' * * * It follows that any worker whose services form a regular and continuing part of the cost of that product, and whose method of operation is not such an independent business that it forms in itself a separate route through which his own costs of industrial accident can be channelled, is within the presumptive area of intended protection. * * *' 1A Larson's Workmen's Compensation Law § 43.51 (1973).

He describes the test as 'the relative nature of the work test' consisting of the following ingredients:

" ' * * * [T]he character of the claimant's work or business— how skilled it is, how much of a separate calling or enterprise it is, to what extent it may be expected to carry its own accident burden and so on—and its relation to the employer's business, that is, how much it is a regular part of the employer's regular work, whether it is continuous or intermittent, and whether the duration is sufficient to amount to the hiring of continuing services as distinguished from contracting for the completion of a particular job.'

* * * * *." *Woody v. Waibel,* 276 Or 189, 194-95, 554 P2d 492 (1976). *See also,* Note, *Woody v. Waibel: The Employee—Independent Contractor Distinction in Oregon's Worker's Compensation Law,* 14 Will L J 339 (1978).