Argued and submitted November 16, 1983, affirmed March 21, 1984

# LOVE,
## *Appellant,*

### *v.*

# NORTHWEST EXPLORATION CO.,
## *Respondent.*

### (82-04-02113; CA A27551)

678 P2d 754

Bradford J. Aspell, Klamath Falls, filed the brief for appellant.

Catherine Carroll, Portland, argued the cause for respondent. On the brief was Carrell F. Bradley, Hillsboro.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this personal injury action, plaintiff appeals a judgment entered against him after defendant's motion for summary judgment was granted. The issue is whether defendant Northwest Exploration Co. (Northwest) established that plaintiff's exclusive remedy against it is under the workers' compensation law. Plaintiff contends that there is an issue of fact whether Northwest is his employer for purposes of the workers' compensation act.

■    Plaintiff alleged that he was injured when he fell from a ladder with a missing rung while working as an oil rig driller. He alleged that Northwest was in actual or constructive control of the drilling platform and in charge of or responsible for the work. The complaint and answer allege that Northwest had contracted with third party defendants Fincher, dba J & N Drilling Co. (J & N), to drill an oil well and that plaintiff was an employe of J & N.[1] Northwest's affidavits established that J & N was neither a self-insured nor carrier-insured employer under Oregon's workers' compensation law. Northwest contends that under ORS 656.029 plaintiff is deemed Northwest's "subject worker," and because Northwest was a complying employer, under ORS 656.018 plaintiff's exclusive remedy is under the workers' compensation law.

At the time of plaintiff's injury in 1980, ORS 656.029(1) provided:

> "If any person engaged in a business *and subject to this chapter as an employer* lets a contract involving the performance of labor and such labor is performed by the person to whom the contract was let, with assistance of others, all persons engaged in the performance of the contract are deemed subject workers of the person letting the contract unless the person to whom the contract is let has qualified either:

> "(a)   As a direct responsibility employer as provided pursuant to ORS 656.407; or

---

[1] Northwest cross-claimed against J & N for indemnification should there be a judgment against it. That cross-claim was not determined by the motion for summary judgment, but the trial court found, pursuant to ORCP 67B, that there was no just reason for delay of entry of final judgment. The judgment is appealable. ORCP 67B.

"(b) As a contributing employer as provided by ORS 656.411." (Emphasis supplied.)[2]

ORS 656.018 provides in part:

"(1)(a) The liability of every employer who satisfies the duty required by subsection (1) of ORS 656.017 is exclusive and in place of all other liability arising out of compensable injuries to his subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794.

"* * * * *

"(2) The rights given to a subject worker and his beneficiaries for compensable injuries under ORS 656.001 to 656.794 are in lieu of any remedies they might otherwise have for such injuries against the worker's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the worker is expressly given the right under ORS 656.001 to 656.794 to bring suit against his employer for an injury."

■■■■■ Plaintiff argues that, if it applies, ORS 656.029 gives him the right to elect whether to pursue a personal injury action or proceed under the workers' compensation law against Northwest. We do not agree. ORS 656.018 provides that a complying employer's liabilities are exclusively those specified in ORS chapter 656. If the requirements of ORS 656.029 are met, that operates to make Northwest plaintiff's employer for this purpose.[3]

■■■■■ Plaintiff's primary argument is that, in order to demonstrate that ORS 656.029 applies, Northwest must show

---

[2] ORS 656.029 was amended by Or Laws 1981, ch 725, § 1, ch 854, § 4, and by Or Laws 1983, ch 397 § 1, ch 579, § 2a.

[3] Northwest argues that under ORS 656.020 plaintiff's remedy in tort is against J & N. That question is not presented here. Plaintiff also argues that an affidavit filed by Northwest showing that plaintiff filed a workers' compensation claim in California against J & N for his injury is sufficient to establish that J & N is a complying employer, thus making ORS 656.029 inapplicable. We disagree. The affidavit does not establish that J & N has met the requirements of former ORS 656.407 or former ORS 656.411, the provisions referred to in former ORS 656.029; the affidavit establishes only that plaintiff filed a claim in California.

that it is "subject to this chapter as an employer," *i.e.,* that its relationship with defendant must meet the definition set forth in ORS 656.005(14):[4]

> " 'Employer' means any person, including receiver, administrator, executor or trustee, and the state, state agencies, counties, municipal corporations, school districts and other public corporations or political subdivisions, who contracts to pay a remuneration for and secures the right to direct and control the services of any person."

Plaintiff contends that Northwest has not demonstrated an employer-employe relationship *with him* or that it had the right to direct and control him. ORS 656.029 does not require such a showing. When the circumstances are as set forth in ORS 656.029, the employe of the person to whom the contract is let is *deemed* to be a subject worker of the person letting the contract. As Northwest argues, it is immaterial whether there is an actual employer-employe relationship between employers such as Northwest and workers such as plaintiff if the requirements of ORS 656.029 are met. The relationship is created by operation of law.

█       There are no genuine issues as to any material fact, and Northwest was entitled to judgment as a matter of law. ORCP 47C.

Affirmed.

---

[4] At the relevant time the definition was numbered ORS 656.005(16).