Argued and submitted February 22, affirmed April 17, reconsideration denied July 5, petition for review denied August 8, 1985 (299 Or 583)

In the Matter of the Compensation of
RICHARD F. ERZEN, Claimant.

EBI COMPANIES et al,
*Petitioners - Cross-Respondents,*

*v.*

ERZEN,
*Respondent - Cross-Petitioner.*

(82-01698; CA A32492)

698 P2d 534

R. Kenney Roberts, Portland, argued the cause for petitioners - cross-respondents. On the briefs were Jerald P. Keene and Roberts, Reinisch & Klor, Portland.

Donald Winfree, Portland, argued the cause and filed the brief for respondent - cross-petitioner.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioners, Homecraft Construction Company, Inc. (Homecraft), and EBI Companies (EBI), seek judicial review of an order of the Workers' Compensation Board affirming a referee's determination that claimant is covered by the Workers' Compensation Laws. Respondent's cross-petition requests reversal of the referee's denial of a penalty sought by respondent against EBI. We affirm.

In January, 1981, claimant formed a partnership under the name of E & M Construction (E & M) with his brother and another person. E & M engaged primarily in the framing of new houses and had no employes to assist the partners in their work. In October, 1981, E & M entered into an agreement to perform labor for Homecraft. The agreement consisted of a bid form prepared by E & M which, although verbally accepted by Homecraft, was not signed by the parties until a later date and was kept in Homecraft's office files. At the time the agreement was entered into, ORS 656.027(7) provided that "[a]ll workers are subject to [the Workers' Compensation Law] except * * * [s]ole proprietors and partners." (*Amended by* Or Laws 1983, ch 579, § 3). Although partners were therefore not considered "subject workers," members of a partnership could elect to become subject workers under ORS 656.128[1] and could thereby become eligible to receive workers' compensation benefits.

Partnerships could also bring their members under the umbrella of protection provided by the Workers' Compensation Law through a limited exception created under ORS 656.029. Pursuant to that section, any "person," defined by ORS 656.005(21) to include a partnership, to whom a contract is let for the performance of labor, could be considered a subject worker. Specifically, the version of ORS 656.029 in effect at the time provided, in pertinent part:

"(1)  If any person engaged in a business and subject to this chapter as an employer lets a contract involving the performance of labor and * * *

---

[1] ORS 656.128(1) provides, in pertinent part:

"Any person who is a sole proprietor, or a member of a partnership, may make written application to an insurer to become entitled as a subject worker to compensation benefits."

"(2)   If the person to whom the contract is let performs the work without the assistance of others, that person is subject to this chapter as a subject worker of the person letting the contract *unless that person and the person letting the contract jointly file with the insurer or self-insured employer a declaration stating that the services rendered under the contract are rendered as those of an independent contractor.* * * *" (*Amended by* Or Laws 1983, ch 397, § 1 and Or Laws 1983, ch 579, § 2a.) (Emphasis supplied.)

■　　There is no dispute that claimant, as a partner in E & M, was a nonsubject worker under ORS 656.027(7). However, E & M, as a partnership, came within the scope of ORS 656.029(2), because it was "let a contract" by Homecraft, a subject employer, for the performance of labor and performed its framing work for Homecraft "without the assistance of others." The plain language of ORS 656.029(2) thus makes it clear that claimant was a subject worker eligible to receive benefits *unless* a declaration of status declaring E & M an independent contractor was jointly filed by the parties with EBI, Homecraft's insurer.[2]

　　Testimony given before the referee by a claims supervisor for EBI and the president of Homecraft indicates that there were no documents filed with EBI regarding the original agreement or manifesting acknowledgment by the parties of E & M's status as an independent contractor.[3] Because no joint declaration was filed with EBI, we hold that claimant is a subject worker under ORS 656.029(2) and affirm the Board.

■　　On cross-petition, claimant seeks reversal of that portion of the Board's order affirming the referee's denial of a penalty under ORS 656.262(9), which provides, in pertinent part:

"If the insurer * * * unreasonably delays or unreasonably refuses to pay compensation, * * * the insurer * * * shall be

---

[2] Homecraft is not a self-insured employer.

[3] Although ORS 656.029 was amended in 1981 to provide that the filing of a joint declaration created a rebuttable presumption that a person is an independent contractor, we agree with the Board's conclusion that the failure to file did not create a contrary presumption. As the Board said:

"Where there has been no filing of the joint declaration there is no presumption, either rebuttable or conclusive, that arises. The statute simply operates to make the person performing the work without the assistance of others the subject worker of the person letting the contract."

liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed * * *." (*amended by* Or Laws 1983, ch 809, § 1 and Or Laws 1983, ch 816, § 7.)

Taking into consideration the fact that ORS 656.029 was a relatively new statute,[4] lacking in relevant interpretations, as well as the existence of conflicting provisions such as ORS 656.027(7), which excluded partnerships, we believe that EBI reasonably could have had some doubt regarding claimant's status as a subject worker. Accordingly, we agree with the Board that EBI's refusal to pay compensation was not unreasonable and that the imposition of a penalty under ORS 656.262(9) was properly denied.

Affirmed.

---

[4] ORS 656.029 was enacted two years before its application to the facts of this case. Or Laws 1979, ch 864, § 2. *Cf. former* ORS 656.124 (repealed by Or Laws 1965, ch 285, § 95).