Argued and submitted January 4, affirmed June 5, 1985

## KISTNER,
*Appellant,*

*v.*

## BLT ENTERPRISES, INC. et al,
*Respondents.*

(L82-01877; CA A32357)

700 P2d 1047

Claud Ingram, Eugene, argued the cause for appellant. With him on the brief was Bick and Monte, P. C., Eugene.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a judgment for defendants in this action for personal injuries. The court first tried defendants' affirmative defense that plaintiff's exclusive remedy was under the Workers' Compensation Law. *See* ORS 656.018. It held, and defendants assign that holding as error, that plaintiff was an employe of defendants[1] and not an independent contractor, because defendants had the right to direct and control plaintiff's services. ORS 656.005(14),(18).[2] We affirm, although for different reasons.

There was evidence from which the court, as the trier of fact, could find these facts. Plaintiff and his wife, as partners, owned and operated a farm under the assumed business name of "Diamond L Stables." Their bank account was in the partnership name. The partnership raised livestock, rented horses, provided picnic facilities and provided hayrides. Defendants' advertising agent contacted plaintiff on defendants' behalf to provide hayrides for family day promotions at six of their restaurants. Although defendants only wanted a team of mules and a wagon, the partnership would

---

[1] One of defendants, Vuksich, is not an employer but an employe of the other defendants. ORS 656.018(3), however, extends an employer's exemption from liability to its employes.

[2] The court's opinion stated:

"The primary issue to be resolved is whether or not plaintiff was/is an employee rather than an independent contractor.

"I agree the statutory definition must control. Counsel have cited and referred to *Lockard v. The Murphy Co.,* 49 Or App 101 [, 619 P2d 283 (1980)]. *The Ponderosa Inn, Inc. v. Employment Division,* 63 Or App 183 [, 663 P2d 1291 (1983)] is the most recent case I have found.

"These cases turn upon the degree of persuasion. As I understand the rule, the 'relative nature of the work test' does not have controlling application until and unless the case cannot be resolved by determining whether there was a right to control. The evidence [of] the intentions of the parties in their agreement and conduct must control.

"Based ·upon the evidence presented and weighing the credibility of the witnesses, in my opinion, the evidence preponderates that the agreement of these parties included that defendant had the right to control, and to the extent defendant deemed necessar[y] it did in fact exercise such right to control over plaintiff. To the extent that plaintiff (and/or his wife) were exercising expertise in handling the wagon and mules, their conduct is, in my view, no different than the expertise of the truck driver in *Lockhard* and the musicians in *The Ponderosa Inn, Inc.,* both of whom were likewise found to be employees rather than independent contractors."

not provide them unless plaintiff selected the driver. Plaintiff believed that the mules were temperamental and that it was necessary for the driver to know how to handle them. Defendants orally contracted with the partnership for six days of hayrides at a daily rate of between $50 and $65 for the mules, wagon and driver, plus an additional ten cents a mile for transportation from the farm. The partnership was to provide the mules, the wagon and the driver.

On the day of the accident plaintiff, and occasionally his wife, drove the mule team. While he was driving the mules, a sign of defendants fell and startled the mules out of control, and plaintiff, consequently, was injured. Defendants paid the partnership $65 for services on the date of the accident pursuant to the contractual arrangement. Plaintiff and his wife put the money in the partnership bank account.

At the time of the accident, ORS 656.029 provided:

"(1)   If any person engaged in a business and subject to this chapter as an employer lets a contract involving the performance of labor and such labor is performed by the person to whom the contract was let, with assistance of others, all persons engaged in the performance of the contract are deemed subject workers of the person letting the contract unless the person to whom the contract is let has qualified either as a carrier-insured employer or a self-insured employer.

"(2)   If the person to whom the contract is let performs the work without the assistance of others, that person is subject to this chapter as a subject worker of the person letting the contract unless that person and the person letting the contract jointly file with the insurer or self-insured employer a declaration stating that the services rendered under the contract are rendered as those of an independent contractor.

"(3)   A person who files the declaration of status as an independent contractor is not eligible to receive benefits under this chapter unless the individual has obtained coverage for such benefits pursuant to ORS 656.128.

"(4)   The filing of a declaration of status pursuant to this section creates a rebuttable presumption that the person is an independent contractor."

"Person" includes partnership. ORS 656.005(21).

Defendants did not file jointly with the partnership,

or with plaintiff or his wife, the declaration described in ORS 656.029(2). That statute applies to this case. Defendants are engaged in business and are subject to the Workers' Compensation Law as an employer. They let the contract to the partnership, which performed the work without the assistance of others.[3] The contract was one "involving the performance of labor," the driving of the mules.[4]

■ ■   In the absence of a joint notice of independent contractor status, plaintiff is deemed to be defendants' subject worker. *See EBI Companies v. Erzen,* 73 Or App 256, 698 P2d 534 (1985); *see also Didier v. S.I.A.C.,* 243 Or 460, 414 P2d 325 (1966); *Berry v. S.I.A.C.,* 238 Or 39, 393 P2d 184 (1964); *Love v. Northwest Exploration Co.,* 67 Or App 413, 417, 678 P2d 754 (1984). The Workers' Compensation Law, therefore, is plaintiff's exclusive remedy. ORS 656.029(2); 656.018. We need not consider whether plaintiff was defendants' subject worker within the definitions of ORS 656.005(14),(28). When it enacted ORS 656.029, the legislature intended to eliminate the need to decide in each case whether a person is a subject worker or an independent contractor. *See Love v. Northwest Exploration Co., supra,* 67 Or App at 417. The trial court

---

[3] The parties agree that the work of the partnership was performed "without the assistance of others." ORS 656.029(2). The work of a partner for the partnership is not the assistance of an "other." *See EBI v. Erzen, infra.* We note that defendants' employes assisted plaintiff and his wife by supervising children who rode or were waiting for rides. The requirement that plaintiff and his wife perform the work "without the assistance of others" is not negated if those who assist are employes of the party who lets the contract. Moreover, even if plaintiff and his wife performed *with* the assistance of others, there is no evidence that the partnership was a carrier-insured employer or self-insured employer. Accordingly, plaintiff would, under those circumstances, be defendants' subject worker under ORS 656.029(1), and the result here would be the same.

[4] ORS 656.124, the predecessor to ORS 656.029, was amended in 1957 to apply simply to contracts "involving the performance of labor." The previous requirement was that "the principal purpose of [the employment] is the performance of labor." A contemporary account of the statutory change notes that:

"Under the section, as now amended, it is no longer necessary to inquire into the 'principal purpose' of the employment; it is sufficient if there is a contract 'involving the performance of labor.'

"* * * * *

"The principal effect of the amendment is to extend the benefits of the act to persons who have heretofore been regarded as independent contractors * * *." "A Survey of Oregon Legislation Enacted in 1957," 37 OLR 67, 86 (1957).

ORS 656.124 was repealed in 1965. ORS 656.029 was enacted in 1979.

reached the right result. *See Drulard v. LeTourneau,* 286 Or 159, 172, 593 P2d 1118 (1979).

Affirmed.