Argued and submitted August 18, reversed October 6,
reconsideration denied November 13,
petition for review denied February 4, 1981 (290 Or 449)

In the Matter of the Compensation of

## KONELL,

*Respondent,*

*v.*

## KONELL,

*Petitioner.*

(Nos. 78-9538 & 78-9969, CA 17203)

617 P2d 313

John L. Klor, Portland, argued the cause for petitioner. With him on the brief were Daniel L. Meyers, Portland, James D. Bernstein and Schumaker & Bernstein, Oregon City.

Robert J. Miller, Sr., Beaverton, argued the cause for respondent. With him on the brief was Blyth, Porcelli, Moomaw & Miller, Beaverton.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

This workers' compensation case presents two questions: (1) was the claimant a subject worker, ORS 656.027; and (2) was the employer a subject employer, ORS 656.023.

The referee answered both questions in the negative, rejecting the claim. The Workers' Compensation Board (Board) reversed.[1] Employer appeals. We review *de novo.* ORS 656.298(6); *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968); *Brenner v. Industrial Indemnity Co.,* 30 Or App 69, 566 P2d 530 (1977).

ORS 656.023 provides:

"Every employer employing *one or more subject workers* in the state is subject to ORS 656.001 to 656.794." (Emphasis added.)

Subject workers include all workers except those defined as nonsubject workers in ORS 656.027. The specific issue with regard to claimant is whether he was a nonsubject worker because his employment was casual, ORS 656.027(3).

ORS 656.027 provides:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *

"(3) A worker whose employment is casual and either:

"(a) The employment is not in the course of the trade, business or profession of his employer; or

"(b) The employment is in the course of the trade, business or profession of a nonsubject employer.

"For the purpose of this subsection, 'casual' refers only to employments where the work in any 30-day period, without regard to the number of workers employed, involves a total labor cost of less than $200."[2]

---

[1] The Board held that claimant was a subject worker as defined in ORS 656.027. It did not address the second issue in its order.

[2] This case involves the interpretation of a number of statutory sections. The following sections are applicable:

The issues are whether there was sufficient evidence to establish that employer would have incurred the minimum statutory labor costs and whether he was exempt from providing coverage for claimant as a casual worker because he was a nonsubject employer, ORS 656.027(3)(b).[3]

Employer is in the landscaping business. In November, 1977, he purchased a ten acre tract of land. He planned to log a portion of the acreage, plant some nursery stock and construct a residence. To clear the property, previously downed timber had to be cut up and limbed. In addition, he intended to remove standing timber for ultimate sale.

Claimant is employer's nephew. He was injured on December 21, 1977,[4] while assisting employer and his grandfather in limbing trees on the property. The testimony showed that periodically in 1976 and the summer months of 1977, claimant was employed by employer, his uncle, in various capacities. His uncle stated he employed claimant for approximately 10 days within the four month period from April to August, 1977. Employer generally ran his landscaping business by himself. When he needed assistance

---

ORS 656.005(16) defines an employer as "* * * any person * * * who contracts to pay a remuneration for and secures the right to direct and control the services of any person."

ORS 656.005(29) defines a subject worker as "* * * a worker who is subject to this chapter as provided in ORS 656.027."

ORS 656.005(31) defines a worker as "* * * any person * * * who engages to furnish services for a remuneration, subject to the direction and control of an employer * * *."

[3] No issue is raised regarding the applicability of ORS 656.027(3)(a). The evidence was clear that claimant's activities were an integral part of either employer's principal landscaping business or the new ventures derived from the property. *Bauer v. Richardson,* 3 Or App 578, 475 P2d 995 (1970).

[4] Both the opinion and order of the referee and the hospital records indicate claimant was injured on December 21, 1977. The Board stated the date of injury to be December 23, 1977. There was conflicting testimony which could support both dates.

for a few days at a time, claimant and others assisted him. Claimant testified he was paid weekly. His uncle stated he was paid nightly because he never knew when claimant would be needed. All payments were cash. Claimant did not report this as income nor were any applicable deductions taken by employer on his tax returns.

In mid December, 1977, claimant was unemployed and approached his uncle for a job. Employer testified he told claimant he could help him for a "few days" cutting firewood and limbing trees. There was no agreement respecting the rate claimant was to be paid. Claimant testified the amount would be $3.50 an hour. Employer testified he told claimant $3.00 an hour. This latter sum was corroborated by other credible evidence and adopted by both the referee and the Board.

There was also no agreement with respect to the length of employment. Employer claimed he told claimant he had work available for only a few days per week over a two week period. Employer intended to work on the property only until January 5 or 6, 1978, at which time he was going on vacation. His testimony was corroborated by his father, Emanuel Konell, who helped employer clear the land. He also planned a vacation beginning the first week in January. He also stated that this was the reason the project would last only a short period of time.

Timber sales from the property were approximately $22,500. Between $18,000 and $19,000 of this total was received in December, 1977, and January, 1978. All timber which was sold had been taken from the property between December 23, 1977, and early January, 1978. Employer did not hire additional help after claimant's injury and with the assistance of Emamuel Konell continued work until early January, 1978.

The testimony with respect to when claimant began work and the duration of his employment before he was injured was in conflict. Claimant testified he

began work on December 19, 1977. He stated he worked that day, the next and then the 21st, the day he was injured. Both employer and claimant's grandfather testified he began on December 18, worked the 18th and 19th and then took three days off due to lack of work. They testified he was injured on his first day back, December 23, 1977.

The referee did not specifically find when claimant's employment began. He did state the date of injury was the 21st. This conclusion is supported by claimant's testimony and the hospital admission records received in evidence at the hearing. The Board stated claimant began work on December 21st and was injured December 23rd.

The period of claimant's employment is difficult to ascertain. This issue is important as it bears on the question of how much work claimant could have expected to be available but for his injury. The referee found claimant would not have worked four additional days after the date of his injury. The Board disagreed. It found claimant would have worked more than the "few days" testified to by employer based on the amount of work involved in clearing the property.

It is evident that claimant did appear for work on three calendar days within the six day period. Claimant contends he worked three consecutive days. He offered no evidence as to the number of hours he worked each day. The employer and claimant's grandfather, testified he worked the equivalent of one and a half days in that period because that was all the work available.

■ In resolving these conflicts in the testimony, the referee made a finding that Emanuel Konell was the most credible witness. The referee concluded that since his testimony tended to corroborate employer's, all conflicts would be resolved in favor of employer. Great weight is given to such findings. *Miller v. Granite Construction Co.,* 28 Or App 473, 559 P2d 944 (1977); *Fredrickson v. Grandma Cookie Co.,* 13 Or App 334, 337-38, 509 P2d 1213 (1973).

■ Claimant must show the existence of an employment relationship, *Hix v. SAIF,* 34 Or App 819, 825, 579 P2d 896, *rev den* 284 Or 1 (1978); *Cox v. SAIF,* 33 Or App 521, 576 P2d 1272 (1978), and the existence of a claim to compensation benefits. *Raines v. Hines Lbr Co.,* 36 Or App 715, 585 P2d 721 (1978).

■ Credibility is an important issue in this case. Claimant's and employer's testimony conflicted in many respects. We agree that the credible testimony corroborates employer's position, adopted by the referee, that the total period of claimant's employment would not have exceeded six working days.

To establish he was more than a casual employee, claimant had to establish that employer's labor costs would exceed the statutory amount of $200 in any thirty day period, ORS 656.027(3). His rate of pay was $3.00 an hour. The evidence indicates he already earned $35.00 for approximately twelve previous hours of work. He would probably have earned another $24.00 the day he was injured. To establish his claim, he would have had to work at least another 47 hours (approximately five additional days). The referee concluded this would not have occurred. The Board in its decision relied solely on what it concluded to be the amount of work necessary for employer to realize the timber sales he did. As noted, employer hired no additional help after claimant's injury.

We find that the evidence does not establish that claimant would have earned enough money to result in employer's labor costs meeting the statutory minimum set forth in ORS 656.027(3). There is insufficient evidence to establish claimant was a subject worker. We agree with the referee, that the evidence shows he was a casual employee as defined in ORS 656.027(3).

■ Claimant may still prevail unless it is established that employer was a nonsubject employer. ORS 656.027(3); *Buckner v. Kennedy's Riding Acad.,* 18 Or App 516, 526 P2d 450, *rev den* (1974). Since we hold claimant was not a subject worker, he must establish

there was another subject worker employed by his uncle at the time of his injury, ORS 656.023.

■ The only individual that could be considered a subject worker was claimant's grandfather, Emanuel Konell. A subject worker must first be a worker as defined in ORS 656.005(31). A worker is "* * * any person * * * who engages to furnish services for a remuneration, subject to the direction and control of an employer * * *." The referee concluded Emanuel Konell was a volunteer and not an employee. He found that since there were no other subject workers, claimant had no claim against employer, ORS 656.027(3)(b). The Board did not address this issue.

We agree the testimony establishes Emanuel Konell was not a worker as defined in ORS 656.005(31). He testified he helped his son when and as little or as much as he wanted. No salary was involved. Though the testimony did establish money was given by employer to Konell, these sums were repayments for past loans by Konell to his son and not in the nature of any remuneration for work performed. The payments were neither reported as income by Konell nor deducted by employer as labor costs. There is insufficient evidence to support a finding that employer had any other subject workers in his employment at the time of claimant's injury. This being so, there was no evidence to conclude he was a subject employer as defined in the Workers' Compensation Law.

In summary, the evidence indicates claimant was a casual employee as defined in ORS 656.027(3). The evidence also establishes that there were no other subject workers employed by employer in this period of time. He was therefore a nonsubject employer employing a casual worker. ORS 656.027(3)(b) is clearly applicable. As a result claimant has not established a valid claim.

The order of the Workers' Compensation Board is reversed.

Reversed.