Argued and submitted March 14, affirmed May 9, 1984.

In the Matter of the Compensation of
Geoffrey Bisbey, Claimant.
**BISBEY,**
*Petitioner,*

*v.*

**THEDFORD et al,**
*Respondents.*

(82-04779; CA A28995)

680 P2d 1003

David J. Edstrom, Portland, argued the cause and filed the brief for petitioner.

Cynthia S. C. Shanahan, Portland, argued the cause for respondent Doris B. Thedford. On the brief were Ridgway K. Foley, Jr., Brian M. Perko and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

No appearance for respondent SAIF Corporation.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Claimant appeals from an order of the Workers' Compensation Board affirming the referee's determination that claimant is not covered by the Workers' Compensation Law. We affirm.

Doris Thedford owns and operates the Pioneer Motel in Portland, consisting of eight units and a house in which Mrs. Thedford resides. On February 28, 1982, claimant and his grandfather contacted Mrs. Thedford, suggesting that several trees at the motel needed topping and trimming. They represented to her that they were experienced tree surgeons. The parties agreed that claimant would perform the required work for a flat fee of $100. Claimant provided all his own equipment.

While claimant was descending from the first tree, his safety rope broke and he fell, suffering severe injuries. He filed a workers' compensation claim. Neither Mrs. Thedford nor Pioneer Motel had Workers' Compensation insurance. SAIF denied the claim, determining that claimant is not a subject worker and that the Pioneer Motel is not a subject employer. The referee affirmed SAIF's denial, finding that claimant is a nonsubject, casual worker employed by a nonsubject employer under ORS 656.027(3) and also that he is an independent contractor not covered by the Workers' Compensation Law.[1] The Board affirmed and adopted the referee's order. This appeal followed.

Claimant's employment status is the determinative issue in this case. However, we need not determine whether claimant is an independent contractor or a worker, because even if he were to meet the statutory definition of "worker," ORS 656.005(28),[2] he would be exempt from coverage as a casual worker employed by a nonsubject employer.

---

[1] We note that the referee's conclusion that claimant was both a casual worker under ORS 656.027 and an independent contractor is erroneous. Those classifications are mutually exclusive. If a person is an independent contractor, then he is not a worker as defined in ORS 656.005(28). He, therefore, cannot be a casual worker as defined in ORS 656.027(3).

[2] ORS 656.005(28) provides:

"(28) 'Worker' means any person, including a minor whether lawfully or unlawfully employed, who engages to furnish services for a remuneration, subject to the direction and control of an employer and includes salaried, elected and appointed officials of the state, state agencies, counties, cities, school districts and

ORS 656.027 provides in part:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *

"(3)  A worker whose employment is casual and either:

"(a)  The employment is not in the course of the trade, business or profession of the employer; or

"(b)  The employment is in the course of the trade, business or profession of a nonsubject employer.

"For the purpose of this subsection, 'casual' refers only to employments where the work in any 30-day period, without regard to the number of workers employed, involves a total labor cost of less than $200."

ORS 656.023 defines a "subject employer" as:

"Every employer employing one or more subject workers in the state * * *."

In this case, the evidence indicates that claimant was employed for part of one day for a flat fee of $100. Therefore, if he were a "worker" under ORS 656.005(28), his employment would have beeen "casual," as defined in ORS 656.027(3). The evidence also establishes that the Pioneer Motel had no employes; Mrs. Thedford did all the work herself. Because the motel had no subject employes, it was not a subject employer at the time of claimant's injury. *See Konell v. Konell,* 48 Or App 551, 617 P2d 313 (1980), *rev den* 290 Or 449 (1981). It follows that claimant is a nonsubject worker under either paragraph of ORS 656.027(3) and, therefore, not covered by the Workers' Compensation Law.[3] The claim was properly denied.

Affirmed.

---

other public corporations, but does not include any person whose services are performed as an inmate or ward of a state institution."

[3] Because we hold that the Pioneer Motel was a nonsubject employer, we need not determine whether claimant's work was in the course of the trade, business or profession of the motel.