Argued and submitted July 11, reversed October 9, 1991

## In the Matter of the Compensation of
## Barry Dunn, Claimant,

*and*

## In the Matter of the Complying Status of
## Frank Stanley Wood and Mike Hermeling,
## dba Herwood, Noncomplying Employer.

Frank Stanley WOOD
and Mike Hermeling,
dba Herwood,
*Petitioners,*

*v.*

Barry DUNN,
SAIF Corporation,
and Stan's Wood Products,
*Respondents.*

(WCB Nos. 89-05827, 89-05826,
89-03292, 89-16769; CA A66933)

818 P2d 979

James L. Edmunson, Eugene, argued the cause for petitioners. On the brief was Carl W. Hopp, Jr., Bend.

Dan Steelhammer, Bend, waived appearance for respondent Barry Dunn.

Jerald P. Keene, Portland, argued the cause for respondent Stan's Wood Products. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John Reuling, Assistant Attorney General, Salem, filed the brief for respondent SAIF.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Herwood, a partnership of Mike Hermeling and Frank Stanley Wood, seeks review of an order of the Workers' Compensation Board holding that it is a noncomplying employer and that claimant is entitled to benefits for a compensable injury.[1]

Herwood contracted with claimant to do several jobs on buildings that it owned. Claimant hired several workers to assist him in the Herwood job and paid them on an hourly basis. He gave a statement to Herwood accepting responsibility for his workers in the event of an accident. He had no workers' compensation insurance, and neither did Herwood.

In the course of his work, claimant injured his hand and filed a claim listing Herwood as his employer. Following an investigation, the Department of Insurance and Finance issued an order of noncompliance to Herwood and sent the claim to SAIF for processing.

SAIF sent Herwood a letter advising it that SAIF had accepted the claim and that it had the right to request a hearing regarding compensability. Herwood requested a hearing, challenging the order of noncompliance on the ground that claimant was an independent contractor and denying the compensability of the claim on the same ground.

The referee rejected claimant's argument that, after SAIF's acceptance of the claim, Herwood was barred from denying the claim by the rule against back-up denials. *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983). He found that Herwood's request for hearing and denial of compensability were timely. He found that claimant was an independent contractor but held, nonetheless, that Herwood is liable for claimant's injury by operation of ORS 656.029.

The Board found that Herwood had failed to request a hearing on compensability within 60 days after the date of SAIF's knowledge of the claim and held, therefore, that Herwood had not timely requested a hearing and that it could not avoid SAIF's acceptance of the claim without a showing of

---

[1] Claimant filed a claim against Stan's Wood Products which Stan's denied. That denial is not challenged on review.

one of the circumstances described in *Bauman v. SAIF, supra.*

We do not understand the Board's rationale. Certainly, Herwood needed notice of SAIF's *acceptance* of the claim before it could be expected to request a hearing on that issue. In any event, under our holdings in *Blain v. Owen,* 106 Or App 285, 807 P2d 313, *rev den* 312 Or 80 (1991), and *Clark v. Linn,* 98 Or App 393, 779 P2d 203 (1989), we conclude that the request was timely.

■ The Board also held, apparently in the alternative, that, although claimant was an independent contractor and, accordingly, was not a subject worker under the workers' compensation laws, he was entitled to coverage under ORS 656.029, as one who had performed labor under a contract and for whom workers' compensation coverage was not otherwise available. The Board held, further, that claimant was not otherwise excluded from coverage by operation of ORS 656.027,[2] as a sole proprietor, because he had hired workers and, therefore, did not perform labor "without the assistance of others," as required by ORS 656.029(4)(b).

■ Under ORS 656.017 and ORS 656.027, only subject workers are entitled to benefits under the Workers' Compensation Law. ORS 656.027 provides that "[a]ll workers are subject to [the workers' compensation laws]." ORS 656.005(27) defines a "worker" as

"any person, including a minor whether lawfully or unlawfully employed, who engages to furnish services for a remuneration, subject to the direction and control of an employer * * *."

If claimant is an independent contractor, he is not subject to the direction and control of an employer and is not a worker entitled to coverage. *Bisbey v. Thedford,* 68 Or App 200, 202 n 1, 680 P2d 1003 (1984); *see Woody v. Waibel,* 276 Or 189, 554

---

[2] ORS 656.027 provides, in part:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *

"(7) Sole proprietors. When labor or services are performed under contract, the sole proprietor must qualify as an independent contractor."

P2d 492 (1976); *Castle Homes, Inc. v. Whaite,* 95 Or App 269, 769 P2d 215 (1989).

Despite that rule, the Board concluded that claimant was a subject worker as a matter of law by virtue of ORS 656.029. Until 1985, that statute provided:

"(1)   If any person engaged in a business and subject to this chapter as an employer lets a contract involving the performance of labor and such labor is performed by the person to whom the contract was let, with assistance of others, all persons engaged in the performance of the contract are deemed subject workers of the person letting the contract unless the person to whom the contract is let has qualified either as a carrier-insured employer or a self-insured employer.

"(2)   If the person to whom the contract is let performs the work without the assistance of others, that person is subject to this chapter as a subject worker of the person letting the contract unless that person and the person letting the contract jointly file with the insurer or self-insured employer a declaration stating that the services rendered under the contract are rendered as those of an independent contractor.

"(3)   A person who files the declaration of status as an independent contractor is not eligible to receive benefits under this chapter unless the individual has obtained coverage for such benefits pursuant to ORS 656.128.

"(4)   The filing of a declaration of status pursuant to this section creates a rebuttable presumption that the person is an independent contractor."

We held in *Kistner v. BLT Enterprises,* 74 Or App 131, 135, 700 P2d 1047 (1985), that, in the absence of a joint notice of independent contractor status, a worker engaged in the performance of labor under a contract is deemed to be the subject worker of the person letting the contract, and the statute eliminated the need to decide in each case whether the worker is a subject worker or an independent contractor. *See also EBI Companies v. Erzen,* 73 Or App 256, 698 P2d 534, *rev den* 299 Or 583 (1985); *Love v. Northwest Exploration Co.,* 67 Or App 413, 678 P2d 754 (1984).

In 1985, the legislature rewrote the statute. Or Laws 1985, ch 706, § 1. At the time relevant to this case, ORS

656.029 provided, in part:

"(1)   If a person awards a contract involving the performance of labor where such labor is a normal and customary part or process of the person's trade or business, the person awarding the contract is responsible for providing workers' compensation insurance coverage for all individuals, other than those exempt under ORS 656.027, who perform labor under the contract unless the person to whom the contract is awarded provides such coverage for those individuals before labor under the contract commences. If an individual who performs labor under the contract incurs a compensable injury, and no workers' compensation insurance coverage is provided for that individual by the person who is charged with the responsibility for providing such coverage before labor under the contract commences, that person shall be treated as a noncomplying employer and benefits shall be paid to the injured worker in the manner provided in ORS 656.001 to 656.794 for the payment of benefits to the worker of a noncomplying employer.

"(2)   If a person to whom the contract is awarded is exempt from coverage under ORS 656.027, and that person engages individuals who are not exempt under ORS 656.027 in the performance of the contract, that person shall provide workers' compensation insurance coverage for all such individuals. If an individual who performs labor under the contract incurs a compensable injury, and no workers' compensation insurance coverage is provided for that individual by the person to whom the contract is awarded, that person shall be treated as a noncomplying employer and benefits shall be paid to the injured worker in the manner provided in ORS 656.001 to 656.794 for the payment of benefits to the worker of a noncomplying employer.

"(3)   A person, other than a partnership engaged in work performed in direct connection with the construction, alteration, repair, improvement, moving or demolition of an improvement on real property or appurtenances thereto, who submits proof of compliance with section 3, chapter 895, Oregon Laws 1981, as amended by section 1, chapter 579, Oregon Laws 1983, [regarding certification of construction businesses] is conclusively presumed to be an independent contractor and is not eligible to receive benefits under this chapter unless the person has obtained coverage for such benefits pursuant to ORS 656.128.

"(4)   As used in this section:

"(a) 'Person' includes partnerships, joint ventures, associations, corporations, governmental agencies and sole proprietorships.

"(b) 'Sole proprietorship' means a business entity or individual who performs labor without the assistance of others."

That version of the statute requires that the person awarding the contract obtain coverage for all individuals who perform labor under the contract, other than those exempt from coverage under ORS 656.027, unless the person to whom the contract is awarded provides such coverage before labor begins. If the person awarding the contract does not provide such coverage, it will be treated as a noncomplying employer. The burden, thus, is on the person awarding the contract either to provide coverage or to make sure that the person to whom the contract is awarded provides coverage for those who are to perform labor under the contract. ORS 656.029(1).

If the person to whom the contract is awarded is not a subject worker under the provisions of ORS 656.027, that person is not eligible for coverage under any statute. If, however, that ineligible person hires individuals who are subject workers in the performance of the contract, that person is required to provide coverage for those workers. ORS 656.029(2).

ORS 656.029(2) does not expressly state that independent contractors are excluded from its coverage. Subsection (3) of the statute provides, however, that, if the person to whom the contract is awarded is a certified construction business, the person is presumed to be an independent contractor and is not entitled to benefits under the statute. That provision appears to be based on the unstated premise that independent contractors are not entitled to coverage.

Additionally, ORS 656.029(1) provides that a person awarding a contract need not provide coverage for individuals "exempt" from coverage under ORS 656.027. As we have said, an independent contractor is not subject to the direction and control of the employer and, therefore, is not a subject worker entitled to coverage; accordingly, an independent contractor is not included within the general provision of ORS 656.027 that requires coverage for "all workers."

We conclude that, as between Herwood and claimant, the provisions of ORS 656.029 have no application, and this case is indistinguishable from any other claim by an independent contractor. As an independent contractor, claimant is not a subject worker under ORS 656.027 entitled to benefits under the workers' compensation laws; accordingly, he is not entitled to coverage under ORS 656.029. The Board erred in concluding that claimant is entitled to benefits as a subject worker and that Herwood is a noncomplying employer.

Reversed.