Argued and submitted March 12, 1992, affirmed April 22

In the Matter of the Complying Status of
Joseph C. Nelander, dba Potlatch Builders.

Joseph C. NELANDER,
dba Potlatch Builders,
*Petitioner,*

*v.*

DEPARTMENT OF INSURANCE
AND FINANCE
and Toby Rossman,
*Respondents.*

(90-18102, 91-00752; CA A70707)

829 P2d 1048

Alison K. Greene, Portland, argued the cause for peti-
tioner. On the brief were Montgomery W. Cobb and Tooze
Shenker Holloway & Duden, Portland.

David L. Runner, Assistant Attorney General, Salem,
argued the cause for respondent Department of Insurance
and Finance. With him on the brief were Dave Frohnmayer,
Attorney General, and Virginia L. Linder, Solicitor General,
Salem.

No appearance for respondent Toby Rossman.

Before Buttler, Presiding Judge, and Rossman and
De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer seeks review of an order of the Department of Insurance and Finance (DIF) holding that it is a noncomplying employer.

The facts are undisputed. Employer is a construction contractor that, before August, 1990, was located in Washington. It subcontracted for Allweather Construction Co. (Allweather) to do roofing on an apartment complex in Wilsonville, Oregon. The work was in the normal course of employer's business. Rossman was employed by Allweather and sustained a compensable injury while working on the apartment complex. Allweather had no workers' compensation insurance. Employer had workers' compensation insurance coverage in Washington, but not in Oregon.

The department determined that employer was noncomplying and issued an order of noncompliance. Employer argues that, despite the fact that it had no workers' compensation insurance coverage in Oregon, it is not a noncomplying employer, because it had no employees in Oregon and, therefore, under ORS 656.052, it is not a subject employer. ORS 656.052 provides, in part:

> "(1) No person shall engage as a subject employer unless and until the person has provided coverage pursuant to ORS 656.017 for subject workers the person employs.

> "(2) Whenever the director has reason to believe that any person has violated subsection (1) of this section, the director shall serve upon the person a proposed order declaring the person to be a noncomplying employer and containing the amount, if any, of civil penalty to be assessed pursuant to ORS 656.735(1)."

■■ Although employer does not come within that statute, because he did not employ any subject workers, that statute does not provide the only basis on which an employer may be determined to be noncomplying. DIF held that employer must be treated as noncomplying under the provisions of ORS 656.029(1):

> "If a person awards a contract involving the performance of labor where such labor is a normal and customary part or

process of the person's trade or business, the person awarding the contract is responsible for providing workers' compensation insurance coverage for all individuals, other than those exempt under ORS 656.027, who perform labor under the contract unless the person to whom the contract is awarded provides such coverage for those individuals before labor under the contract commences. If an individual who performs labor under the contract incurs a compensable injury and no workers' compensation insurance is provided by the person who is charged with the responsibility for providing such coverage before labor under the contract commences, that person shall be treated as a noncomplying employer and benefits shall be paid to the injured worker in the manner provided in ORS 656.001 to 656.794 for the payment of benefits to the worker of a noncomplying employer."

That section imposes the responsibility for providing workers' compensation coverage on the person who awards a contract involving the performance of labor, unless the individual providing the labor under the contract provides such coverage before the contract commences. If the person responsible for providing coverage does not do so, that person is treated as a noncomplying employer.

■ ■ Because Allweather did not provide coverage for Rossman before the contract commenced, employer was the person responsible for providing coverage and, because it did not do so, it must be treated as a noncomplying employer. Contrary to employer's contention, we will not read into ORS 656.029 the requirement that the entity that awards the contract be an employer subject to ORS Chapter 656.[1]

We do not address employer's contentions concerning the applicability of the penalty provisions of ORS 656.052 and ORS 656.735, because the order does not impose a penalty. That issue is not before us.

Affirmed.

---

[1] Before the statute was amended in 1985, it provided, in part:

"(1) If any person engaged in a business and subject to this chapter as an employer lets a contract involving the performance of labor and such labor is performed by the person to whom the contract was let, with assistance of others, all persons engaged in the performance of the contract are deemed subject workers of the person letting the contract."