Argued and submitted May 18, 1992, affirmed February 17, 1993

In the Matter of the Compensation of
Edwin E. Hegerberg, Claimant.

**LIBERTY NORTHWEST
INSURANCE CORPORATION
and Colamette Construction Company,**
*Petitioners,*

*v.*

Edwin E. HEGERBERG,
North Pacific Electric and SAIF Corporation,
*Respondents.*

(90-18103, 90-12443, 90-18104, 90-12444;
CA A71448)

846 P2d 1216

Kathryn Olney, Portland, argued the cause for petitioners.
On the brief was Stafford J. Hazelett, Portland.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondents North Pacific Electric and SAIF Corporation. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent Edwin E. Hegerberg.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Petitioners Liberty Northwest Insurance Company (Liberty) and its insured, Colamette Construction Company (Colamette), seek judicial review of a Workers' Compensation Board order holding that Liberty is responsible for claimant's compensation. We affirm.

Colamette was the general contractor on a construction project at Portland Adventist Hospital. On June 23, 1989, Colamette subcontracted with North Pacific Electric (NPE), a three-person partnership, to perform certain electrical work. NPE began work shortly thereafter. Although the contract provided that NPE was responsible for its own workers' compensation insurance, NPE did not obtain insurance due to the partners' belief that it was exempt under ORS 656.027(8).[1] By mid-August, 1989, two partners became disenchanted and quit working, although the partnership was not dissolved. One partner, Schwarz, continued the work. On November 17, 1989, Schwarz' ex-wife incorporated NPE, and the corporation, North Pacific Electric, Inc. (NPE, Inc.), assumed NPE's contract with Colamette. NPE, Inc., hired claimant in December, 1989. NPE, Inc., did not obtain workers' compensation coverage.

Claimant was compensably injured on February 13, 1990. NPE, Inc., assured him that its workers' compensation carrier would cover his surgery and time loss, but later admitted that it did not have coverage. Claimant filed a claim. On April 25, 1990, the Director of the Department of Insurance and Finance concluded that Liberty was responsible for coverage under ORS 656.029(1) and that NPE, Inc., was not responsible. The Director sent the claim to Liberty for processing and also sent it to SAIF for denial on behalf of the

---

[1] ORS 656.027(8) provided:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *

"(8) Partners who are not engaged in work performed in direct connection with the construction, alteration, repair, improvement, moving or demolition of an improvement on real property or appurtenances thereto."

In this opinion, we refer to the versions of ORS 656.027 and ORS 656.029 in effect when work commenced under the contract. Those statutes were later amended. Or Laws 1989, ch 762, §§ 4, 5. The amendments have no effect on the result in this case.

fund for noncomplying employers. ORS 656.054. SAIF denied the claim on May 3, 1990. Liberty initially accepted the claim and began paying benefits, but on June 8, 1990, it denied responsibility and denied the claim. Claimant requested a hearing on the denials. The Board held that Liberty was responsible for claimant's compensation.

ORS 656.029 provided:

"(1) If a person awards a contract involving the performance of labor where such labor is a normal and customary part or process of the person's trade or business, the person awarding the contract is responsible for providing workers' compensation insurance coverage for all individuals, other than those exempt under ORS 656.027, who perform labor under the contract unless the person to whom the contract is awarded provides such coverage for those individuals before labor under the contract commences. If an individual who performs labor under the contract incurs a compensable injury, and no workers' compensation insurance coverage is provided for that individual by the person who is charged with the responsibility for providing such coverage before labor under the contract commences, that person shall be treated as a noncomplying employer and benefits shall be paid to the injured worker in the manner provided in ORS 656.001 to 656.794 for the payment of benefits to the worker of a noncomplying employer.

"(2) If a person to whom the contract is awarded is exempt from coverage under ORS 656.027, and that person engages individuals who are not exempt under ORS 656.027 in the performance of the contract, that person shall provide workers' compensation insurance coverage for all such individuals. If an individual who performs labor under the contract incurs a compensable injury, and no workers' compensation insurance coverage is provided for that individual by the person to whom the contract is awarded, that person shall be treated as a noncomplying employer and benefits shall be paid to the injured worker in the manner provided in ORS 656.001 to 656.794 for the payment of benefits to the worker of a noncomplying employer.

"* * * * *

"(4) As used in this section:

"(a) 'Person' includes partnerships, joint ventures, associations, corporations and sole proprietorships.

"(b)   'Sole proprietorship' means a business entity or individual who performs labor without the assistance of others."

The Board referred to "the person awarding the contract" as the prime contractor and "the person to whom the contract is awarded" as the subcontractor. We will follow the Board's nomenclature. Subsection (1) assigns responsibility for coverage for a subcontractor's nonexempt worker to the prime contractor unless the subcontractor "provides such coverage for those individuals before labor under the contract commences." However, if the subcontractor is exempt from coverage under ORS 656.027 and employs a nonexempt worker without obtaining coverage, subsection (2) treats the subcontractor as a noncomplying employer. ORS 656.054 makes SAIF responsible for benefits payable by a noncomplying employer.

■ ■   Liberty contends that subsection (2) controls this case because NPE, Inc., was a noncomplying employer. Liberty makes several arguments to support its position. First, it contends that, when labor commenced under the contract in June, 1989, NPE was exempt as a sole proprietorship under ORS 656.027(7),[2] and NPE, Inc., assumed that exemption when it incorporated and assumed the contract. Second, it contends that NPE, Inc., was exempt because, when it commenced labor under the contract upon its incorporation in November, 1989, Schwarz, the sole shareholder, was exempt as a corporate officer under ORS 656.027(9).[3] Third, it contends that Colamette gave several change orders regarding

---

[2] ORS 656.027(7) provided:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *

"(7) Sole proprietors."

In *Little Donkey Enterprises, Inc. v. SAIF*, 118 Or App 54, 845 P2d 1298 (1993), we held that the sole proprietor exemption required proof that the person qualified as an independent contractor. The statute was amended in 1989 to include that requirement. Or Laws 1989, ch 762, § 4.

[3] ORS 656.027(9) made an exemption for:

"A corporate officer who is also a director of the corporation and has a substantial ownership interest in the corporation, regardless of the nature of the work performed by such officer. However, if the activities of the corporation are conducted on land that receives farm use tax assessment pursuant to ORS 215.203 and ORS chapter 308, corporate officer includes all individuals identified as directors in the corporate bylaws, regardless of ownership interest, and

the work to NPE, Inc., after it incorporated, that the change orders were new contracts and that the corporate officer exemption applied when those new contracts were awarded.

The Board correctly rejected those arguments. Colamette awarded the contract to NPE, not to NPE, Inc., and, at that time, NPE was a three-person partnership, not a sole proprietorship or a single shareholder corporation. NPE was not exempt from coverage under ORS 656.027(7) or (9) when the contract was awarded. Colamette's responsibility for coverage under ORS 656.029(1) is not affected by the incorporation of NPE, Inc., because the contract had been awarded to a nonexempt subcontractor, NPE, and labor had commenced. We reject Liberty's argument that we should determine NPE, Inc.'s, right to an exemption on the date that it incorporated. That would defeat the legislature's intention in ORS 656.029(1) to fix responsibility for obtaining coverage on "the person to whom the contract is awarded," to require that person to fulfill the duty "before labor under the contract commences" and, if the subcontractor violates its obligation, to hold the prime contractor responsible for coverage.

Colamette's issuance of change orders to the contract does not alter our conclusion. Under the contract, change orders do not nullify the contract but become a part of it. Issuing a change order to an existing subcontract is not the equivalent of awarding a separate contract under ORS 656.029.

Colamette awarded one contract, and the entity to whom it was awarded, NPE, was not exempt from coverage under ORS 656.027(7) or (9). NPE failed to provide coverage before labor commenced under the contract. In that circumstance, ORS 656.029(1) required Colamette to provide coverage. The Board correctly held that Liberty was responsible for claimant's compensation.

Affirmed.

---

who are members of the same family, whether related by blood, marriage or adoption."