Argued and submitted January 12, affirmed September 15, 1999

In the Matter of the Compensation of
Bret Claussing, Claimant.

## K-MART CORPORATION,
*Petitioner,*

*v.*

## Bret CLAUSSING
and Department of Consumer and Business Services,
*Respondents.*

(WCB No. 95-04958; CA A101688)

986 P2d 1185

Karen O'Kasey argued the cause for petitioner. With her on the brief was Schwabe, Williamson & Wyatt.

Robert F. Webber argued the cause for respondent Bret Claussing. With him on the brief was Black, Chapman, Webber & Stevens.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent Department of Consumer and Business Services. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

### LINDER, J.

This workers' compensation case is before us for a second time. On review, K-Mart Corporation (K-Mart) disputes the Workers' Compensation Board (Board) determination that K-Mart was responsible for providing workers' compensation insurance to a janitor who was injured while cleaning one of K-Mart's buildings. We affirm.

K-Mart contracted with a sole proprietorship, Charles Pittman, dba CP Janitorial Services (CP), for janitorial services. Under the contract, CP was obligated to provide workers' compensation insurance for its employees. CP failed to do so, either before or after work on the contract began. After claimant was injured, he filed a workers' compensation claim against K-Mart as the employer responsible for the claim. K-Mart disputed its responsibility and lost on that issue before the Board.

On K-Mart's first petition to this court, the parties disputed whether claimant was performing labor that was a "normal and customary part or process of K-Mart's trade or business," which is necessary before responsibility can attach to K-Mart under ORS 656.029(1). *See generally Clausing v. K-Mart Corporation,* 144 Or App 552, 926 P2d 337 (1996). We remanded the case to the Board to reconsider its determination in light of a Department of Consumer and Business Services administrative rule bearing on the question. *Id.* at 554. On remand, the Board again found that CP's janitorial services were a normal and customary part or process of K-Mart's business and, consequently, that K-Mart was the responsible employer under ORS 656.029(1). The Board further rejected K-Mart's contention that subsection (2) of the statute operated to shift responsibility back to CP because of its status as a sole proprietorship employing subject employees.

■ On its second petition for review, K-Mart challenges only the Board's conclusion that responsibility did not shift back to CP under ORS 656.029(2), which is an issue that turns on the statute's meaning. We review for legal correctness. *See* ORS 183.482(8)(a). Our analysis begins with subsection (1) of ORS 656.029, which provides:

"If a person awards a contract involving the performance of labor where such labor is a normal and customary part or process of the person's trade or business, the person awarding the contract is responsible for providing workers' compensation insurance coverage for all individuals, other than those exempt under ORS 656.027, who perform labor under the contract unless the person to whom the contract is awarded provides such coverage for those individuals before labor under the contract commences."

As we have previously held, that subsection's plain terms impose responsibility for providing workers' compensation coverage on the person who awards the contract (here, K-Mart), unless the individual contracting to provide the labor (here, CP) provides such coverage before the contract commences. *Liberty Northwest Ins. Corp. v. Hegerberg*, 118 Or App 282, 286, 846 P2d 1216 (1993); *Nelander v. Dept. of Ins. and Finance*, 112 Or App 419, 422, 829 P2d 1048 (1992); *Wood v. Dunn*, 109 Or App 204, 211, 818 P2d 979 (1991). If that were the only statutory provision in issue, then there would be no real question as to K-Mart's responsibility. Although CP was obligated by its contract with K-Mart to provide coverage, CP failed to do so before the contract commenced. ORS 656.029(1) places responsibility for providing coverage on K-Mart in that circumstance.

K-Mart's argument, however, rests on subsection (2) of ORS 656.029, which it views as "limiting" the application of subsection (1). ORS 656.029(2) provides, in pertinent part:

"If a person to whom the contract is awarded is exempt from coverage under ORS 656.027, and that person engages individuals who are not exempt under ORS 656.027 in the performance of the contract, that person shall provide workers' compensation insurance coverage for all such individuals." '

ORS 656.027, in turn, declares that "[a]ll workers are subject to this chapter except those nonsubject workers described" by the statute's other provisions. The net effect of that structure is that ORS 656.027 makes all *workers* subject to the protections of the workers' compensation insurance laws unless a worker falls into one of the limited categories of "nonsubject" workers. One such nonsubject worker is a "sole proprietor." *See* ORS 656.027(7)(a).

From that scheme, K-Mart argues that it is not the employer responsible for providing workers' compensation insurance coverage for the CP employees performing K-Mart's janitorial services under the contract. K-Mart uses the following reasoning: (1) CP was a sole proprietorship; (2) CP therefore was a nonsubject worker under ORS 656.027; (3) CP hired subject workers to provide the janitorial services that it contracted with K-Mart to provide; and thus, (4) ORS 656.029(2) places responsibility for providing coverage for those workers on CP, not on K-Mart.

The Board found the flaw in that reasoning to be K-Mart's threshold assertion that it is exempt under ORS 656.027, which is the second link in its reasoning. We agree. The exemption under ORS 656.027 is for *workers,* not for those who employ workers. Furthermore, the exemption is for *coverage*, not for responsibility to provide coverage. As the Board reasoned:

> "[E]xemptions from coverage under ORS 656.027 result from a person's *employee* classification. That is, ORS 656.027 defines those *workers* not subject to the Act. After all, every employer employing one or more subject workers in the state is subject to the Act. ORS 656.023. Thus, when ORS 656.029(2) refers to a 'person to whom the contract is awarded is exempt from coverage under ORS 656.027,' it is referring to a person in the status of a *exempt worker*. Further, when ORS 656.027(7) refers to 'sole proprietors' as being exempt, the statute is referring to 'sole proprietors' in the capacity of (or in the status as) a worker."

(Emphasis in original.)

■     The Board's analysis tracks the plain language of the statutes. If a person who contracts to perform services is himself or herself an exempt worker, then that person is responsible for providing coverage to any subject (that is, nonexempt) workers that he or she may hire to perform that same work. Thus, in this context, if the agreement between CP and K-Mart had been for Pittman, as a sole proprietor who was also an independent contractor, *personally* to provide janitorial services to K-Mart, then CP would have been exempt from coverage under ORS 656.027(7)(a), and K-Mart would have had no responsibility to provide coverage *for Pittman*

under ORS 656.029(1). In that circumstance, if CP then had hired others to provide the labor, then CP would have responsibility under ORS 656.029(2) for providing coverage for those individuals unless they were otherwise exempt. That is not what happened in this case, however. The Board found (and K-Mart does not dispute) that K-Mart contracted with CP in its capacity as a subject *employer* with the expectation that CP would hire employees to provide janitorial services to K-Mart. Legally, then, CP did not come within the terms of ORS 656.029(2). That is, CP was not a person "exempt from coverage" and responsibility for providing coverage to the employees providing janitorial services for K-Mart. The Board correctly determined that K-Mart, as the person awarding the contract, was responsible for providing coverage to claimant under ORS 656.029(1).[1]

The only other issue that K-Mart raises on review is whether the Board, by reexamining its determination under the statute as well as under the administrative rule, exceeded the scope of our remand and therefore acted beyond its authority. The Board did not err in that regard.

Affirmed.

---

[1] Our understanding of how subsections (1) and (2) of ORS 656.029 relate to each other is consistent with the department's administrative rule. OAR 436-050-0040 provides, in part:

"(1)(a) When a person awards a contract, that person is responsible for providing workers' compensation coverage on all individuals performing labor under the contract if the labor under the contract is a normal and customary part or process of that person's trade or business; unless:

"(A) The individuals performing labor under the contract are exempt as nonsubject workers under ORS 656.027;

"* * * * *

"(2) If a person awards a contract to a person who is exempt under ORS 656.027 *to perform labor under the contract without the assistance of others and that person engages subject workers to meet the conditions of the contract, the person to whom the contract was awarded becomes a subject employer and must provide workers' compensation insurance for those subject workers.* If such coverage is not provided, such person would be a noncomplying employer."

(Emphasis added.)