Argued and submitted March 17, affirmed November 15, 2000

In the Matter of the Compensation of
Rhonda M. Sparks, Claimant.

## LIBERTY NORTHWEST INSURANCE CORPORATION
and Westwood Swinerton Construction,
*Petitioners,*

*v.*

Rhonda M. SPARKS;
Johnston and Culberson, Inc.;
Denali Drywall;
and Department of Consumer and Business Services,
*Respondents.*

(98-04517 and 98-02823; CA A105068)

14 P3d 624

David O. Wilson argued the cause and filed the brief for petitioners.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondentsJohnston and Culberson, Inc., and Oregon Department of Consumer and Business Services. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance for respondents Rhonda M. Sparks and Denali Drywall.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Claimant suffered a compensable injury while working at a construction site. The Workers' Compensation Board ruled that the general contractor, not the subcontractor that employed claimant, was responsible for providing coverage for her injury. The general contractor petitions for review of the Board's order. We affirm.

Petitioner Westwood Swinerton was the general contractor on a construction project. It entered into a subcontract with Denali Drywall. As part of the subcontracting agreement, Denali promised to provide appropriate insurance certificates before beginning work on the project. Denali provided petitioner with two certificates for workers' compensation insurance—one with SAIF Corporation, effective from April 1, 1996, to March 31, 1997, and one with Affordable Insurance Concepts, Inc., which showed coverage effective from March 31, 1997, to March 31, 1998.

Contrary to its certification, Denali did not have workers' compensation insurance after March 31, 1997. Work on the project began on April 22, 1997. Claimant suffered a compensable injury while working for Denali on July 16, 1997.

The Workers' Compensation Board ruled that petitioner was responsible for claimant's coverage under ORS 656.029(1).[1] That subsection provides that a general contractor is "responsible for providing workers' compensation insurance coverage for all [nonexempt] individuals * * * who perform labor under the contract unless the person to whom

---

[1] ORS 656.029(1) provides, in part:

"If a person awards a contract involving the performance of labor where such labor is a normal and customary part or process of the person's trade or business, the person awarding the contract is responsible for providing workers' compensation insurance coverage for all [nonexempt] individuals * * * who perform labor under the contract unless the person to whom the contract is awarded provides such coverage for those individuals before labor under the contract commences. If an individual who performs labor under the contract incurs a compensable injury, and no workers' compensation insurance coverage is provided for that individual by the person who is charged with the responsibility for providing such coverage before labor under the contract commences, that person shall be treated as a noncomplying employer and benefits shall be paid to the injured worker in the manner provided in this chapter[.]"

the contract is awarded provides such coverage for those individuals before labor under the contract commences." The Board determined that, because Denali's coverage ended before work began, responsibility for coverage remained with petitioner under ORS 656.029(1).

■       Petitioner does not dispute that it remains responsible for providing coverage for claimant unless Denali had "provide[d workers' compensation coverage to its employees] before labor under the contract commence[d]." ORS 656.029(1); *K-Mart Corp. v. Claussing*, 162 Or App 558, 561, 986 P2d 1185 (1999). Petitioner, however, advances two reasons why Denali came within the statutory exception and thus relieved it of responsibility for providing claimant's coverage. Petitioner argues initially that the word "provide" can mean "certify" as well as "supply" and that Denali certified that it had workers' compensations insurance when it entered into the subcontract. Petitioner argues alternatively that, even if provide means supply, Denali supplied coverage before work began. Petitioner reasons that Denali had coverage in place when it entered into the subcontract even though the coverage lapsed before work started on the project.

The text of the statute does not support petitioner's first argument. The text uses the same verb form twice in the same sentence; it states that the general contractor is responsible for "providing" workers' compensation coverage unless the subcontractor "provides" that coverage. If petitioner were correct that a subcontractor's certification is sufficient to comply with the requirement of providing coverage, then the same rule would presumably apply to the general contractor as well. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). Both the general contractor and the subcontractor could provide coverage merely by certifying that each had coverage regardless of whether either actually had it. Petitioner's interpretation would defeat the purpose of the statute, which is to ensure that either the general contractor or the subcontractor has workers' compensation coverage in force when the workers actually begin work on the job.[2]

---

[2] Petitioner observes that not only does the subsection speak of providing workers' compensation coverage in the sense of supplying that coverage, but it also

■    ORS 656.029(1) is part of a larger statutory scheme that seeks to ensure that workers are, in fact, covered by workers' compensation insurance. *See* ORS 656.017(1). The rule has been that general contractors are responsible for providing coverage to all persons working under the contract. *See Wood v. Dunn*, 109 Or App 204, 211, 818 P2d 979 (1991). The current version of ORS 656.029(1) carves out an exception to that general rule: Unless a subcontractor provides coverage for its own employees when the work on the project begins, the general contractor remains responsible for ensuring coverage of the subcontractor's employees.[3] As we have previously explained, if the general contractor wishes to rely on the subcontractor to provide coverage, "the burden is on the [general contractor] to make sure that the [subcontractor] provides coverage." *Id*. The text of ORS 656.029(1) and its larger statutory context establish that "provide" means "supply" rather than "certify."[4]

Petitioner's second argument is a variation on its first. It argues that because the statute requires only that

states that "benefits shall be paid to the injured worker in the manner provided in this chapter[.]" Because "provide" clearly has at least two meanings within this subsection, petitioner concludes that it also may have a third "certify." Although a word may have multiple meanings, the question of which meaning was intended often turns on the context in which the word is used. *See Boyd v. Essin*, 170 Or App 509, 12 P3d 1003 (2000). Both clauses in the single sentence at issue here refer to providing workers' compensation coverage. Each has the same direct object and the same purpose. That context demonstrates that the word "provide" should be interpreted the same way in determining the general contractor's and the subcontractor's responsibility for providing coverage.

[3] Petitioners argue that the exception contained in ORS 656.029(1) actually shifts the ultimate burden of providing coverage to the subcontractor. That reading of the statute construes the exception too broadly and overlooks the underlying purpose of the statute as well as our previous holdings. *See, e.g., Wood*, 109 Or App at 211 (holding that the ultimate burden for providing coverage is on the general contractor).

[4] Because the text and context are clear, we need not look to legislative history. Even if we were to reach the legislative history, the history petitioner cites would not change our opinion. Petitioner acknowledges that the legislative history is not particularly useful. It points, however, to a statement made during a House Labor Committee hearing that, if a subcontractor provided coverage to its employees but the policy lapsed after work under the contract commenced, the general contractor should not be responsible. There is a difference, however, between coverage that lapses after work begins and coverage that was never obtained. Indeed, the history petitioner cites cuts against its argument that certification alone is sufficient; the legislative history assumes that the subcontractor's coverage was in force when work began, contrary to the proposition that petitioner advances.

Denali provide coverage "*before* labor under the contract commences," it is sufficient that Denali had coverage in force when it entered into the subcontract even though the coverage lapsed before work began. Petitioner's interpretation of the word "before" suffers from the same problem as its interpretation of word "provide." It overlooks the contextual goal of providing coverage. Whether the subcontractor's employees are covered at some other point in time or for other jobs is not relevant under this statute. The legislature's use of the word "before" does not excuse the general contractor from responsibility if the subcontractor's coverage lapses before work under the contract begins.

Affirmed.